**Norman L. DANIELS, Jr., Appellant,**

v.

**Staci L. DANIELS, Appellee.**

**No. 13–99–596–CV.**

Court of Appeals of Texas, Corpus Christi.

April 19, 2001.

William A. Dudley, Corpus Christi, for Appellant.

Janet Ann Freeman, Corpus Christi, for Appellee.

Before Justices DORSEY, CASTILLO, and KENNEDY.[1]

## OPINION

CASTILLO, Justice.

Appellant Norman Daniels, Jr. and appellee Staci Daniels were divorced by a default decree entered in 1994, occasioned by appellant's failure to file an answer. After Norman Daniels filed a petition for bill of review, the parties executed, and the trial court approved, an agreed clarifying order. Subsequently, Norman Daniels filed a petition to modify the parent-child relationship, seeking primary conservatorship of the subject children and child support. Staci Daniels filed a motion for summary judgment, claiming that the agreed clarifying order which appellant sought to modify was void. The trial court granted the motion for summary judgment and dismissed the petition to modify. From

---

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

that judgment, Norman Daniels appeals. We dismiss for want of jurisdiction.

## Factual Background and Procedural History

The present appeal involves two different cause numbers before the 28th District Court. The original petition for divorce carried cause number 93–3789–A, and the petition for bill of review carried cause number 94–6894–A. To clarify the proceedings below, we detail the background of both cases.

### I. The Divorce Petition and Decree—Cause Number 93–3789–A

On June 30, 1993, Staci Daniels filed a divorce petition, which was docketed as cause number 93–3789–A. On March 23, 1994, the trial court entered a final default decree of divorce, naming Staci Daniels sole managing conservator of the children, ordering child support in the amount of $735 monthly, and awarding her the real property of the community estate. On April 4, 1994, Norman Daniels filed a motion to reform the judgment but he did not obtain the trial court's ruling thereon.

### II. The Bill of Review—Cause Number 94–6894–A

On November 15, 1994, Norman Daniels filed an original petition for bill of review, claiming that the default judgment was wrongfully obtained by the fraudulent acts of Staci Daniels and her attorney. The petition was docketed under cause number 94–6894–A. On March 29, 1995, Staci Daniels, pro se, and Norman Daniels, represented by the same counsel who filed the bill of review, signed a document entitled "Agreed Clarifying Order of Final Divorce Decree." The agreement "altered the terms and conditions" of the default decree

and contained the provision that "the prior decree remain[ed] the same where terms and conditions are unamended/unaltered." The document named the parties joint managing conservators, deleted the child support requirement, and awarded the real property of the community estate to Staci Daniels with the provision that, should she sell it, $20,000 would be placed in a trust to benefit the children. A visiting judge approved and entered the parties' agreement on the same day.

The Agreed Clarifying Order reflects the style of the original divorce decree and a cause number, which corresponds with neither the original divorce action nor the bill of review action. The incorrect cause number is marked out and above it remains a handwritten number corresponding to the bill of review case number.

### III. The Petition to Modify—Cause Number 94–6894–A

On November 25, 1998, under the bill of review cause number, Norman Daniels filed a petition to modify the Agreed Clarifying Order seeking primary conservatorship of the children and child support. On December 17, 1998, Staci Daniels filed a general answer in the same cause number. On January 29, 1999, under both the divorce and bill of review cause numbers, she filed a first amended answer asserting that the Agreed Clarifying Order was void and not subject to modification. She further urged that the default divorce decree was the valid decree. On the same date, in both cause numbers, Staci Daniels filed a supplement to her first amended answer seeking, in the alternative, enforcement of the default divorce decree's requirement that Norman Daniels pay $735.00 a month in child support.[2] On March 11, 1999,

---

2. There is no evidence in the record that Staci Daniels followed the procedural requisites

statutorily mandated for a motion for enforcement of child support. *See* Tex. Fam.Code

Staci Daniels filed an original answer to the bill of review under the bill of review cause number. She did not file a motion for summary judgment under the bill of review cause number.

## IV. The Motion for Summary Judgment—Cause Number 93–3789–A

On June 14, 1999, under the default divorce cause number, Staci Daniels filed a motion for summary judgment, claiming that the Agreed Clarifying Order, which Norman Daniels sought to modify, was not a viable clarification order, post bill of review order, or a modification order and hence had no legal effect. The motion requested that the trial court find that Norman Daniels had "no viable cause of action based upon his pleadings" since the order he sought to modify "is void or a legal nullity." The motion further requested that the trial court declare the Agreed Clarifying Order "as void or legally null and render Petitioner's pleadings moot."

On June 25, 1999, the trial court called the motion for hearing as filed under the default divorce number. At the conclusion of the hearing, the trial court granted the motion for summary judgment under both cause numbers. The trial court found that the Agreed Clarifying Order was a void order, vacated it and vacated all orders that devolved from it. The trial court further found that the default divorce decree was the valid order, that Norman Daniels' petition to modify was moot since it sought to modify a void order, and dis-

missed the petition with prejudice. Although the summary judgment as signed bears both cause numbers, it appears solely in the docket entry of the default divorce.[3]

Norman Daniels filed a notice of appeal of the summary judgment in both cause numbers. For purposes of this appeal, we treat both trial court cause numbers under one appellate cause number.

## Jurisdiction

■ The question this court must first consider is our own jurisdiction to hear this appeal. Because the question of jurisdiction is a legal question, we review the trial court's action under a de novo standard. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998).

■ While requesting relief, Norman Daniels notes that his appeal may be premature and interlocutory because the summary judgment did not dispose of all issues before the court. Staci Daniels argues that the summary judgment is a final appealable judgment and that we have jurisdiction. We do not reach the question of the finality of the summary judgment.[4] We find that the trial court had no jurisdiction to enter the summary judgment and, because our jurisdiction extends no further than that of the court from which the appeal is taken, we have no jurisdiction to consider an appeal of that judgment. *Nabejas v. Texas Dept. of Public Safety,* 972 S.W.2d 875, 876 (Tex. App.—Corpus Christi 1998, no pet.).

§§ 157.001–157.426 (Vernon 1996 & Supp. 2001); Tex.R. Civ. P. 308a.

3. In suits affecting the parent-child relationship, the legislature has provided that rendition of judgment may be accomplished by a docket notation. Tex. Fam.Code 101.026 (Vernon 1996).

4. We also do not reach the question of whether the Agreed Clarifying Order fell within the purview of Tex. Fam.Code Ann. §§ 153.007 and 154.124 (Vernon 1996).

The record before us shows that no motion was filed nor any order entered to consolidate the cases. TEX.R. CIV. P. 174. There is no dispute that both cases were filed with the court of continuing jurisdiction. In a divorce action which includes a suit affecting the parent-child relationship (SAPCR), the trial court acquires and retains continuing, exclusive jurisdiction over matters related to the suit after it has rendered a final order. TEX. FAM.CODE ANN. §§ 155.001, 155.002, 155.003 (Vernon Supp.2001). In a SAPCR, the trial court in subsequent proceedings has jurisdiction to modify its order upon the filing of a proper motion. TEX. FAM.CODE ANN. §§ 155.003, 156.001,156.004 (Vernon 1996).

Here, Norman Daniels filed his petition to modify the Agreed Clarifying Order in the bill of review case. He did not file a petition to modify in the default divorce case. Staci Daniels, however, filed her motion for summary judgment in the default divorce case and not in the bill of review case. At the time appellee filed her motion for summary judgment, no live pleading existed in the default divorce case. The trial court entered summary judgment in both the bill of review case and the default divorce case.

■■■ A trial court may not grant a motion for summary judgment in a case where no motion for summary judgment was ever filed. *See Cockrell v. Central Savings and Loan,* 788 S.W.2d 221, 224 (Tex.App.—Dallas 1990, no writ). Accordingly, the trial court had no authority to enter a summary judgment against Norman Daniels in the bill of review cause number, absent a proper motion for summary judgment in the appropriate case.

■■■ The trial court also had no authority to enter a summary judgment in the default divorce case since no live pleading existed in that case urging a cause of action from which a judgment

could be taken. A pleading, by definition, determines the issues to be tried. *Erisman v. Thompson,* 140 Tex. 361, 167 S.W.2d 731, 733 (1943). There must be some pleading pending against which a summary judgment can be granted. *Granado v. Madsen,* 729 S.W.2d 866, 870 (Tex. App.—Houston [14th] 1987, writ ref'd. n.r.e.) (summary judgment order in case where there were no live pleadings and thus no cause of action against which summary judgment could be granted was a nullity and of no effect); *Seber v. Glass,* 258 S.W.2d 122, 124 (Tex.Civ.App.—Fort Worth 1958, no writ) (where appellee filed no pleadings seeking affirmative relief, trial court was wholly without jurisdiction as to parties or subject matter and purported order granting affirmative relief was void). Where there is no pleading, there can be no judgment. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 813 (Tex.1983).

The trial court entered a summary judgment against the petition to modify filed in the bill of review case although the motion for summary judgment was filed in the default divorce case. As there was no petition to modify, or any other pleading, pending before the trial court in the default divorce case, there was no pleading to support the granting of the summary judgment there. The trial court simply lacked jurisdiction to enter summary judgment in either case. The summary judgment entered in each case is void. We have no jurisdiction over void orders. *Nabejas,* 972 S.W.2d at 876. Accordingly, we dismiss for want of jurisdiction.