**In re Jane DOE 11.**

**No. 02–0933.**

Supreme Court of Texas.

Oct. 10, 2002.

---

Susan Hays, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, for Petitioner.

PER CURIAM.

We affirm the court of appeals' judgment dismissing Jane Doe's appeal. *See McAllen Med. Ctr., Inc. v. Cortez,* 66 S.W.3d 227, 231 (Tex.2001). Because of the district court's and district clerk's actions below, we elaborate.

On October 1, 2002, Doe, a minor, filed an application for an abortion without parental notification under Texas Family Code section 33.003. On October 2, 2002, the district court conducted a hearing on the application, but did not specifically rule on the application or make findings of fact, as required by statute. *See* TEX. FAM.CODE § 33.003(h). Instead, on the same day that it held the hearing, the district court delivered a writing it entitled a "judgment," but which *sua sponte* concluded that the parental bypass law was unconstitutional on various grounds.

The district court's action directly contravenes our holding in In re Doe 2 that, in the context of these unique proceedings, the district court errs in *sua sponte* "raising and deciding the constitutional issue." 19 S.W.3d 278, 284 (Tex. 2000). While the district court's failure to follow our holding in In re Doe 2 does not affect the disposition of this appeal, we caution that lower courts are to follow pronouncements from this Court. *See In re K.M.S.,* 68 S.W.3d 61 (Tex.App.-Dallas 2001), pet. denied per curiam, 91 S.W.3d 331 (Tex.2002) (noting "courts of appeals are not free to disregard pronouncements from this Court...."); *Lofton v. Tex. Brine Corp.,* 777 S.W.2d 384, 386 (Tex. 1989) ("This court need not defend its opinions from criticism from courts of ap-

peals; rather they must follow this court's pronouncements.").

The district court made no ruling on Doe's application and issued no findings of fact. In this circumstance, section 33.003(h) instructs that when the district court fails to rule on Doe's application and issue findings of fact by 5 p.m. on the second business day after the date she filed her application, Doe's application is deemed granted. *See* Tex. Fam.Code § 33.003(h). Apparently unsure about the effect of the trial court's "judgment," Doe immediately appealed it on October 2, 2002, before the expiration of the 5 p.m., second-business-day deadline. Responding on October 3, 2002, the court of appeals correctly dismissed the appeal for lack of jurisdiction. In its opinion, the court of appeals noted: "[The] judgment . . . is merely the [district] court's recitation of its views on the constitutionality of chapter 33, but [it] . . . does not make any ruling either granting or denying Jane Doe's request. . . ." The court of appeals also noted that the trial court did not make findings of fact as required by section 33.003(h).

With the court of appeals' opinion in hand and after expiration of "5 p.m. on the second business day after the date the application is filed with the court," Doe made a request that the district court clerk issue a certificate deeming the application granted. *See* Tex. Parental Notifi-cation R. 2.2(g). Parental Notification Rule 2.2(g) provides that, if the court fails to rule on an application within the pre-scribed time period, "upon the minor's re-quest, the clerk must instanter issue a certificate to that effect, stating that the application is deemed by statute to be granted." The clerk nevertheless refused to issue the certificate. Doe then sought to mandamus the district court clerk through petitions in the court of appeals

and this Court. The court of appeals de-nied relief and this Court denied relief, citing *Vondy v. Comm'rs Court of Uvalde County,* 620 S.W.2d 104, 109 (Tex.1981) (holding that this Court does not have original mandamus jurisdiction over coun-ty officials but the district court does).

Along with her mandamus request, Doe re-appealed the "judgment" to the court of appeals. The court of appeals again dis-missed her appeal for lack of jurisdiction, but this time without explanation. Doe then filed an appeal with this Court seek-ing review of the court of appeals' most recent dismissal.

■ Regarding the court of appeals' jurisdiction to hear this appeal, Family Code section 33.004 governs appeals from orders on applications under Family Code section 33.003. Section 33.004(a) provides: "A minor whose application under Section 33.003 is denied may appeal to the court of appeals having jurisdiction over civil mat-ters in the county in which the application was filed." Tex. Fam.Code § 33.004(a); *see* Tex. Parental Notification R. 3.1 & cmt 1. Thus, under section 33.004(a), it is only the denial of an application that is appealable.

Here, the district court did not rule on Doe's application within the requisite time period. And because the trial court failed to do so "the application is deemed to be granted. . . ." Tex. Fam.Code § 33.003(h). Thus, the order was not appealable. *See* Tex. Fam.Code § 33.004. And therefore, the court of appeals properly dismissed Doe's second appeal for lack of jurisdic-tion.

Affirmed.