NUMBER 13-02-045-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







ELIZABETH RAMSAY
, Appellant,


v.



EDDIE SHANE MORRIS, Appellee.





On appeal from the County Court at Law No. 1 and Probate Court


of Brazoria County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo


Opinion by Justice Castillo



 Appellant Elizabeth Ramsay appeals, following a bench trial in a guardianship
proceeding, from a probate court order in favor of appellee Eddie Shane Morris that
denied Ramsay's motion to compel the surrender of assets. We dismiss for want of
jurisdiction. 

I. THE RECORD

 Ronald Franklin Hanks mailed a handwritten letter to his friend Morris on
August 28, 1999. The letter stated:

 Enclosed you will find clear title to the truck and boat. It is my wish that
you have them. Also enclosed is a check for $5,000, it is the only thing
I can think of to help offset the extreme trouble this will put you through,
I know you have enough to worry about. 


The check, dated August 27, 1999, was made payable to Morris. Hanks committed
suicide on August 28, 1999. The probate court appointed Ramsay the guardian of the
estate of Ramsay and Hanks's minor child ("MAH"). Hanks was Ramsay's ex-husband. (1) MAH was born September 22, 1989. 

 On July 27, 2001, Ramsay, as MAH's appointed guardian, filed a first amended
motion to compel surrender of assets that stated in part:

 Shortly before his death, the father of [MAH], Ronald Franklin Hanks,
gave to Eddie Shane Morris a check for $5,000.00 to be held in trust for
the benefit of his daughter. . . . Ronald Franklin Hanks died on
August 28, 1999 in Pasadena, Harris County, Texas. According to
information and belief, Eddie Shane Morris cashed the check on the
Monday morning following the death of Ronald Franklin Hanks in the
amount of $5,000.00. . . . 


The motion does not address the boat or the truck. In her prayer, Ramsay requested
that the probate court grant the motion and any further relief to which she was
entitled. To this motion, Morris filed a general denial and requested that Ramsay take
nothing by her suit.

 Morris was the sole person to testify at the hearing on Ramsay's motion held
August 22, 2001. Morris testified he cashed the check on August 30, 1999. The
probate court admitted both the letter and the check as exhibits at the hearing. Morris
testified that the titles to the boat and truck, bearing Hanks's signature, were included
with the letter. The titles themselves were not admitted as exhibits. Morris gave the
truck to Hanks's brother a few days after Hanks's death. Morris sold the boat a few
months later for $7,500.00 to $8,500.00. He set up a bank account for MAH in the
amount of $500.00. Morris denied that the funds or the property he received
belonged to the child, stating that they belonged to Hanks "at the time he wrote that
letter." 

 In its order following the hearing, the trial court stated:

 After receiving evidence, the Court finds that prior to his death, Ronald
Franklin Hanks made a gift of the following items to Eddie Shane Morris:

 

 a) $5000.00 cash

 b) 1996 Bayliner Caprice 21 foot boat, motor & trailer (2)

 c) 1993 Dodge Dakota Pickup Truck

 

 and that, therefore, said items belong solely to Eddie Shane Morris. 


 Accordingly, it is ORDERED, ADJUDGED and DECREED that Eddie
Shane Morris is the sole and rightful owner of the $5,000.00 cash, the
1996 Bayliner Caprice 21 foot boat, motor & trailer, and the 1993 Dodge
Dakota Pickup Truck.


 Therefore, the First Amended Motion to Compel Surrender of
Assets filed by Elizabeth Ramsay be and the same is hereby DENIED.


The trial court subsequently denied Ramsay's motion for reconsideration, and this
appeal ensued. In three issues, Ramsay asserts that the trial court erred in finding that
Morris, instead of appellant as guardian for the child, is the owner of the $5,000.00
check and the boat, trailer, and truck because: (1) the evidence is factually and legally
insufficient to support the finding; and (2) Morris had no pleadings on file seeking
affirmative relief. Morris did not file a brief. 

II. JURISDICTION


 We first must determine whether we have jurisdiction over this appeal. Tex.
Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). We are
obligated to determine, sua sponte, our jurisdiction to hear and consider an appeal. 
N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per
curiam); Welch v. McDougal, 876 S.W.2d 218, 220 (Tex. App.-Amarillo 1994, writ
denied). Because the question of jurisdiction is a legal question, we follow the de novo
standard of review. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928
(Tex. 1998). Jurisdiction of a court is never presumed. El-Kareh v. Tex. Alcoholic
Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no
writ). If the record does not affirmatively demonstrate the appellate court's
jurisdiction, the appeal must be dismissed. Id. The jurisdiction of this Court is
established exclusively by constitutional and statutory enactments. See, e.g., Tex.
Const. art. V, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988). Unless one of the
sources of our authority specifically authorizes an interlocutory appeal, we only have
jurisdiction over an appeal taken from a final judgment. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 195 (Tex. 2001); N. E. Indep. Sch. Dist. v. Aldridge,
400 S.W.2d 893, 895 (Tex. 1966). Absent an express grant of authority, we do not
have jurisdiction to review an interlocutory order. Steeple Oil & Gas Corp. v. Amend,
394 S.W.2d 789, 790 (Tex. 1965) (per curiam); see Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (Vernon Supp. 2003). Therefore, before we consider the issues, we
first must determine if the order denying Ramsay's motion to compel surrender of
assets is a final judgment. 

 A judgment is final if it disposes of all pending parties and claims in the record. 
Guajardo v. Conwell, 46 S.W.3d 862, 863-64 (Tex. 2001) (per curiam) (citing
Lehmann, 39 S.W.3d at 192 [sic]); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992) (orig. proceeding). The law does not require that a final judgment be in
any particular form. Lehmann, 39 S.W.3d at 195. Therefore, whether a decree is a
final judgment must be determined from its language and the record in the case. Id.

 Guardianship proceedings are governed by section 605 of the probate code.
Tex. Prob. Code Ann. § 605 (Vernon 2003). In the context of probate orders, "[a]ll
final orders of any court exercising original probate jurisdiction shall be appealable to
the courts of appeals." Tex. Prob. Code Ann. § 5(g) (Vernon 2003). An appealable
order in a probate proceeding need not be one that fully and finally disposes of the
entire probate proceeding. Crowson v. Wakeham, 897 S.W.2d 779, 781-82
(Tex. 1995). A probate proceeding consists of a continuing series of events in the
administration of the estate, at various points in which the probate court may issue
orders on which it bases later decisions. Logan v. McDaniel, 21 S.W.3d 683, 688
(Tex. App.-Austin 2000, pet. denied). The need to review controlling, intermediate
decisions before an error harms later phases justifies modification of the "one final
judgment" rule in probate court proceedings. Id. In determining the finality of an order
in a probate matter, the supreme court instructs as follows:

 If there is an express statute . . . declaring the phase of the probate
proceedings to be final and appealable, that statute controls. Otherwise,
if there is a proceeding of which the order in question may logically be
considered a part, but one or more pleadings also part of that proceeding
raise issues or parties not disposed of, then the probate order is
interlocutory. For appellate purposes, it may be made final by a
severance order, if it meets the severance criteria. . . . In setting this
standard, we are mindful of our policy to avoid constructions that defeat
bona fide attempts to appeal.


Crowson, 897 S.W.2d at 783. Whether a party's substantial rights are adjudicated
is an important factor in determining the finality of an order in a probate matter. 
Estate of Loveless, 64 S.W.3d 564, 569 (Tex. App.-Texarkana 2001, no pet.) (citing
Crowson, 897 S.W.2d at 782-83). However, of equal importance is the requirement
that the probate court's order dispose of all issues in the phase of the proceeding in
which it was signed. Id. 

 There is no express statute providing that an order denying a motion to
surrender assets in a guardianship proceeding is final and appealable. Thus, if the
order denying the motion to compel surrender of assets disposed of each issue raised
in the pleadings, conclusively disposed of that phase of the proceeding, and finally
adjudicated a substantial right, it is final and appealable. Estate of Padilla,
No. 04-02-00363-CV, 2003 Tex. App. LEXIS 1047, at *5-*6 (San Antonio Feb. 5,
2003, no pet. h.) (quoting Logan, 21 S.W.3d at 688); Vineyard v. Irvin,
855 S.W.2d 208, 210 (Tex. App.-Corpus Christi 1993, orig. proceeding). On the
other hand, if the order denying the motion to compel surrender of assets merely leads
to further hearings on an issue, it is interlocutory. Vineyard, 855 S.W.2d at 210. 

 A probate court is vested with substantial potential jurisdiction regarding
"matters incident to an estate." Tex. Prob. Code Ann. § 5(f) (Vernon 2003);
Cunningham v. Parkdale Bank, 660 S.W.2d 810, 812 (Tex. 1983). This jurisdiction
is activated and becomes actual jurisdiction only after the filing of a petition, the
subject matter of which is within the jurisdiction of the court. Parkdale Bank,
660 S.W.2d at 812-13 (citing Hughes v. Atlantic Refining Co., 424 S.W.2d 622, 625
(Tex. 1968)). 

 Beginning with the filing of an application for appointment of a guardian of the
estate or person, or both, until the guardianship is settled and closed, the
administration of the estate of a minor is considered one proceeding for purposes of
jurisdiction. Tex. Prob. Code Ann. § 604 (Vernon 2003). A guardianship proceeding
is a proceeding in rem. Id.; see In re Estate of York, 951 S.W.2d 122, 126 (Tex.
App.-Corpus Christi 1996, no writ). "In rem" is a term applied to proceedings or
actions instituted against the thing, that is, an action taken directly against property
or brought to enforce a right in the thing itself. Black's Law Dictionary, p. 713
(5th ed.); see Stephenson v. Walker, 593 S.W.2d 846, 849 (Tex. Civ. App.-Houston
[1st Dist.] 1980, no writ). The estate of a guardianship is comprised of the real and
personal property of a ward as the property originally existed, as it changes in form
from time to time, as it is augmented by accretions and additions to or substitutions
for the property, and as it is diminished by decreases or distributions. Tex. Prob. Code
Ann. § 601(10) (Vernon 2003). Personal property "includes an interest in goods,
money, choses in action, evidence of debts, and chattels real." Tex. Prob. Code
Ann. § 601(22) (Vernon 2003). 

 A pleading, by definition, determines the issues to be tried. Tex. R. Civ. P. 301;
Erisman v. Thompson, 167 S.W.2d 731, 733 (Tex. 1943). Where there is no pleading
invoking a probate court's jurisdiction, there can be no judgment. Parkdale Bank,
660 S.W.2d at 813. Thus, we consider Ramsay's motion in the context of a 
pleading. Ramsay alleged that Hanks gave Morris "a check for $5,000.00 to be held
in trust for the benefit of his daughter." The motion alleges nothing about a boat,
motor, or trailer. Nor does it allege anything about a truck. (3) The trial court signed an
order that denied Ramsay's motion to surrender the $5,000.00 as well as determined
ownership of the boat, motor, trailer, and truck. The record before us does not
contain any other motion or pleading that requested surrender of the boat, motor,
trailer, and truck pending before the trial court. Therefore, no pleading supported the
order with regard to the boat, motor, trailer, and truck, and the trial court lacked in rem
jurisdiction to enter an order as to those items. Where there is no pleading seeking
affirmative relief, the trial court is without jurisdiction over the subject matter. Daniels
v. Daniels, 45 S.W.3d 278, 282 (Tex. App.-Corpus Christi 2001, no pet.); Seber v.
Glass, 258 S.W.2d 122, 124 (Tex. Civ. App.-Fort Worth 1958, no writ). Therefore,
the order is void to the extent it purports to determine ownership of property as to
which relief was not requested by any pleading. Daniels, 45 S.W.3d at 282. Our
jurisdiction extends no further than that of the trial court. Nabejas v. Tex. Dept. of
Pub. Safety, 972 S.W.2d 875, 876 (Tex. App.-Corpus Christi 1998, no pet.). 
Accordingly, we dismiss for want of jurisdiction that part of Ramsay's appeal that
pertains to the boat, motor, trailer, and truck. 

 We now focus on whether we have jurisdiction over the order to the extent that
it determines ownership of the $5,000.00. The question before us is whether the
order disposed of the issues raised in the pleadings or whether the order conclusively
disposed of a discrete phase of the guardianship proceeding. The guardian of an
estate must file with the clerk of the court a verified, full, and detailed inventory of all
the property of the ward that has come into the guardian's possession or knowledge,
including all personal property, wherever located. Tex. Prob. Code Ann. § 729(a)(2)
(Vernon 2003). Further, the guardian of the estate must promptly file with the clerk
of the court a detailed supplemental inventory and appraisement if property or claims
that are not included in the inventory come to the guardian's possession or knowledge
after the guardian files the original inventory and appraisement. Tex. Prob. Code
Ann. § 734 (Vernon 2003). The guardian of the estate must file an annual
accounting. Tex. Prob. Code Ann. § 741 (Vernon 2003). Among other reasons, a
guardianship must be settled and closed when the ward is no longer a minor. Tex.
Prob. Code Ann. §§ 694(b)(3), 745(a) (Vernon 2003). When a guardianship of the
estate is required to be settled, the guardian must present to the court the guardian's
verified account for final settlement, and the court must properly close the
guardianship of the ward's estate. Tex. Prob. Code Ann. §§ 751, 752 (Vernon 2003). 
 The issue raised by Ramsay's pleading was whether $5,000.00 Hanks mailed
to Morris was an asset of the guardianship estate. The evidence adduced at the
hearing on the motion established that Morris was also the recipient of a boat and a
truck from the decedent and that he had set up a $500.00 bank account for MAH. 
We already have found that the trial court had no in rem jurisdiction over the boat,
motor, trailer, and truck. (4) Thus, while the order disposed of the issue of ownership
of the $5000.00, the issue of ownership of the boat, motor, trailer, and truck remains
unresolved, although Ramsay, as guardian, has knowledge of the existence and
location of that personal property, as well as of a bank account in the name of MAH.

 MAH is still a minor. Thus, we cannot conclude with certainty on the record
before us that further proceedings in connection with accounting for and ownership
of assets of the guardianship estate will not be forthcoming. See Vineyard,
855 S.W.2d at 210. The record does not affirmatively demonstrate this Court's
jurisdiction. El-Kareh, 874 S.W.2d at 194. We find that the order denying the
guardian's motion to compel surrender of assets does not dispose of all issues in the
phase of the proceeding in which it was signed. See Estate of Loveless, 64 S.W.3d
at 569 (citing Crowson, 897 S.W.2d at 783); see also Villarreal v. Zukowsky,
54 S.W.3d 926, 929-30 (Tex. App.-Corpus Christi, 2001, no pet.). We hold that the
order is interlocutory. We have no jurisdiction. 

III. CONCLUSION

 The trial court did not have a pleading before it to invoke its in rem jurisdiction
over and determination of the ownership of the boat, motor, trailer, and truck. Thus,
to the extent the order determines ownership of those items, it is void. With a proper
pleading before it, the trial court had jurisdiction to sign an order regarding ownership
of the $5,000.00 sent by Hanks to Morris. Without a proper pleading, however,
ownership of the boat (and presumably the motor and trailer or the proceeds from their
sale) and truck remains unresolved, although the record indicates Morris received the
boat and truck from Hanks in addition to the $5000.00. Disposition of the $500.00
bank account established by Morris in the name of the child also remains unresolved. 
Accordingly, the record does not show that the order denying Ramsay's motion to
compel the surrender of assets closed a discrete phase of the guardianship estate. It
is interlocutory and not appealable. We dismiss the appeal for want of jurisdiction. 

 ERRLINDA CASTILLO

 Justice

Opinion delivered and filed

this 24th day of April, 2003.














 
1. We note from Ramsay's application for appointment as permanent guardian the facts in support
of the appointment: "[MAH's] father is deceased. [MAH] is the beneficiary of funds held in Stock
Ownership Plan, life insurance proceeds and a checking/savings account that were part of the estate
of [MAH's] father." 
2. There was no evidence adduced at the hearing regarding the motor and trailer. 
3. We do not construe other references in the motion regarding "the funds" or "the money" to
mean funds other than the $5,000.00, since references are to funds "held in trust for the benefit of
[MAH]." Further, the order only refers to that sum. 
4. The trial court made no ruling on the $500.00 account Morris set up for MAH or the
$7,500.00 or $8,500.00 cash Morris testified he received for the boat.