NUMBER 13-02-010-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG






JESUS SOLIZ , Appellant,



v.




CHARLOTTE P. SOLIZ , Appellee.




On appeal from the 319th District Court

of Nueces County, Texas.




MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Castillo



 This is an appeal from a final decree of divorce entered in the absence of appellant Jesus Soliz, who filed the
petition for divorce. Appellee Charlotte P. Soliz appeared at the final hearing and ultimately tendered the
final decree for entry. In two issues, Mr. Soliz complains the trial court erred by: (1) granting a divorce to
Ms. Soliz by default without summoning Mr. Soliz to the final hearing; and (2) failing to ministerially act on
his timely motion for nonsuit and post-judgment pro se pleadings. We dismiss for want of jurisdiction.

THE RECORD

 On July 23, 2001, Mr. Soliz filed his original petition for divorce, seeking the dissolution of his marriage to
appellee. The petition did not incorporate a suit affecting the parent-child relationship ("SAPCR") and thus
did not include the parties' minor child born of the marriage, as required by section 6.406 of the family code. 
Tex. Fam. Code Ann. § 6.406 (Vernon 1998); see Tex. Fam. Code Ann. § 101.032 (Vernon 2002). Ms. Soliz
filed an answer that included a request for conservatorship of and support for the minor child. On September
25, 2001, the Office of the Attorney General (the "Attorney General") intervened, alleging the agency was a
necessary party and that it represented only the interests of the State of Texas. The petition in intervention
asserted a SAPCR that requested appropriate orders for conservatorship of and support for the minor child. 
Tex. Fam. Code Ann. §§ 101.032, 102.003(5), 231.101(3) (Vernon 2002). 

 On November 7, 2001, the Solizes both appeared for what was to be a final hearing. The record does not
show that counsel for the Attorney General appeared. At the hearing, Mr. Soliz informed the trial court he
would "like to submit a motion to dismiss and nonsuit" and apparently did submit the motion to the court at
the hearing. (1) Mr. Soliz added he believed "we're going to work things out." On questioning by the trial
court, Ms. Soliz confirmed she wanted a divorce but agreed to return the following week so the parties could
discuss the possibility of reconciliation, as the trial court suggested. The trial court did not rule on the motion
to dismiss and nonsuit. (2)

 On December 5, 2001, Ms. Soliz and counsel for the Attorney General appeared for the final hearing. Mr.
Soliz did not appear. The trial court called the case for hearing. The assistant attorney general noted that the
divorce petition filed by Mr. Soliz did not "mention a child who is the subject of this suit as the child of the
marriage." Counsel informed the court that Mr. Soliz was in prison and, therefore, that the Attorney General
"really isn't going to be involved" and would agree to "whatever the court wants to rule on that [sic] issue of
child support and medical." (3) The trial court excused the assistant attorney general and held an evidentiary
hearing. Ms. Soliz was the sole witness. The trial court granted a divorce, awarded child support, and
ordered supervised visitation. 

 The final decree of divorce recites that Mr. Soliz "appeared in person and announced ready for trial,"
although the trial court was informed he was in prison. The document makes no reference to an appearance
by counsel for the Attorney General. Further, the decree states that the "pleadings of Petitioner are in due
form and contain all the allegations, information, and prerequisites required by law." In part, the final decree: 
dissolves the marriage; names the Solizes as joint managing conservators of the child; sets forth the rights and
duties of each conservator; establishes visitation; orders Mr. Soliz to pay monthly child support in the amount
of $171.00 effective December 1, 2001; orders wage withholding for child support; and orders him to provide
medical insurance for the child.

 On January 2, 2002, Mr. Soliz filed a motion for issuance of a bench warrant, complaining in part that he was
not notified of the final hearing held December 5, 2001. Additionally, he filed a motion for new trial, again
asserting lack of notice of the final hearing and that the trial court should have dismissed the original petition
when presented with Mr. Soliz's request for a nonsuit. Mr. Soliz added that Ms. Soliz's claim for
conservatorship and support did not amount to a cause of action independent of the divorce petition. On
January 7, 2002, the trial court denied the motion for new trial. This appeal ensued.

JURISDICTION

 The question this Court first must consider is our own jurisdiction to hear this appeal. Because the question
of jurisdiction is a legal question, we review the trial court's action under a de novo standard. Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

 Mr. Soliz filed the original petition for divorce without a SAPCR. If the parties to a divorce proceeding are
parents of a child, the suit for dissolution of a marriage must include a suit affecting the parent-child
relationship. Tex. Fam. Code Ann. § 6.406(Vernon 1998). This joinder is mandatory under the family code. 
Id. The failure to follow joinder mandated by a statute renders a judgment void. Daniels v. Daniels, 45
S.W.3d 278, 282 (Tex. App.-Corpus Christi 2001, no pet.); see Minga v. Perales, 603 S.W.2d 240, 241 (Tex.
App.-Corpus Christi 1980, no writ) (setting judgment aside and remanding for joinder of necessary party). 

 Ms. Soliz filed an answer that included a general denial as well as requests for conservatorship of the child
and for child support. She did not file any pleading alleging grounds for or seeking a dissolution of any
marriage to Mr. Soliz. Tex. Fam. Code Ann. § 6.402 (Vernon 1998). Although the family code allows a
SAPCR to be filed by a parent, we cannot conclude that the document Ms. Soliz filed constitutes a SAPCR
for two reasons: (1) it does not comply with the mandatory statutory requirements set forth in section 102.008
of the family code; and (2) it fails to establish the court's authority to exercise partial jurisdiction under section
102.012(a) of the family code. Tex. Fam. Code Ann. §§ 102.008, 102.012(a) (Vernon 2002). 

 A SAPCR is statutory and has specific pleading requirements. Tex. Fam. Code Ann. § 102.008 (Vernon
2002). Ms. Soliz's answer does not contain the required allegations, and the record contains no reason for
noncompliance. Thus, examination of Ms. Soliz's answer reveals that she did not plead a cause of action in
compliance with the statutory mandate. In re S.R.M., 601 S.W.2d 766, 770 (Tex. App.-Amarillo 1980, writ
ref'd n.r.e.). The petition is defective in that respect and will not support a default judgment. See C & H
Transp. Co. v. Wright, 396 S.W.2d 443, 446 (Tex. Civ. App.-Tyler 1965, writ ref'd n.r.e.). 

 Even if the trial court could have construed Ms. Soliz's answer to include a SAPCR limited to
conservatorship and support, nothing in the pleading alleges the trial court's own jurisdiction to hear the case. 
A cause of action for conservatorship and support must comply with section 102.008(b)(1) regarding
jurisdictional allegations. Tex. Fam. Code Ann. §§ 102.008(b)(1) (Vernon 2002). The statute required Ms.
Soliz to allege either that the trial court had continuing, exclusive jurisdiction or that no court had continuing
jurisdiction of the SAPCR. She alleged neither. Therefore, the record contains no allegation from which the
trial court, or we, can determine if the trial court had continuing, exclusive jurisdiction or that no court had
continuing jurisdiction or partial jurisdiction of the SAPCR. Tex. Fam. Code Ann. §§ 102.008(b)(1),
102.012(a) (Vernon 2002). 

 To support a default judgment, a petition must show a valid cause of action on which a default judgment can
be granted. Griswold v. Carlson, 249 S.W.2d 58, 60 (Tex. 1952). The trial court entered a final decree of
divorce that also granted relief usually requested by a SAPCR. The only petition for divorce was filed by Mr.
Soliz, who had nonsuited it at the first hearing and who was not present to prosecute it at the final hearing. 
The only properly pleaded SAPCR before the trial court was filed by the Attorney General, who did not seek
for the State of Texas the relief granted to Ms. Soliz in the final decree of divorce. Where there is no
pleading, there can be no judgment. Cunningham v. Parkdale Bank, 660 S.W.2d 810, 813 (Tex. 1983). 
Where there are no pleadings seeking affirmative relief, the trial court is without jurisdiction as to the parties
or the subject matter. Daniels, 45 S.W.3d at 282; Seber v. Glass, 258 S.W.2d at 122, 124 (Tex. Civ.
App.-Fort Worth 1958, no writ). The purported order granting affirmative relief is void. Daniels,
45 S.W.3d at 282. 

 Statutory pleading requirements are grounded in the due process requisites of basic fairness and notice. 
Parkdale Bank, 660 S.W.2d at 813. Both Ms. Soliz's answer and the Attorney General's petition in
intervention contain certificates of service presumptively showing service on Mr. Soliz. Tex. R. Civ. P. 21a. 
However, since the pleadings served on Mr. Soliz were deficient, nothing in the record shows that Mr. Soliz
had notice that the trial court would adjudicate a petition for divorce that Mr. Soliz had nonsuited when Ms.
Soliz herself had not pleaded for a divorce. In re S.R.M., 601 S.W.2d at 770. Similarly, nothing in the record
shows that Mr. Soliz had notice that the trial court, absent any showing of exclusive or continuing jurisdiction
over the child, would adjudicate conservatorship and child support. Nor does the Attorney General's petition
in intervention rectify what Ms. Soliz did not plead. In any event, nothing in the record shows notice to Mr.
Soliz that the trial court would adjudicate the Attorney General's petition in intervention. 

 No petition supported the default judgment for divorce, and no SAPCR supported the relief granted as to
the child. We find that the trial court lacked jurisdiction to enter judgment as to either. We hold that the final
decree of divorce is void. 

 Our jurisdiction extends no further than that of the trial court. Nabejas v. Tex. Dept. of Pub. Safety, 972
S.W.2d 875, 876 (Tex. App.-Corpus Christi 1998, no pet.). We have no jurisdiction to consider the appeal of
the final decree of divorce. 

CONCLUSION

 Accordingly, we dismiss for want of jurisdiction. (4) The cause remains pending in the trial court. (5) 

ERRLINDA CASTILLO

Justice



Opinion delivered and filed

this 8th day of May, 2003.

 

1. The undated motion is part of the clerk's record and, as to filing, reflects that it is "OF RECORD." 

2. The docket sheet reflects that the trial court reset the motion. 

3. According to the assistant attorney general, the intervention petition was filed because the child was
receiving Medicaid benefits, and the Attorney General's involvement was restricted to the medical insurance. 
However, the pleading sought "appropriate orders for conservatorship, and to order current, retroactive, and
medical child support for the child" as well as wage withholding for child support. The final decree ordered
Mr. Soliz to provide insurance for the child. 

4. See In re Jane Doe II, 92 S.W.3d 511, 513 (Tex. 2002) (per curiam); see also Garza v. Tex. Alcoholic
Beverage Comm'n, 89 S.W.3d 1,2 (Tex. 2002); Nash v. Harris, 63 S.W.3d 415, 416 (Tex. 2001) (per
curiam); Bally Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 359 (Tex. 2001); Bobbitt v. Stran, 52 S.W.3d
734, 735 (Tex. 2001) (per curiam); Citgo Ref. & Mktg., Inc. v. Garza, 94 S.W.3d 533, 550 (Tex.
App.-Corpus Christi 2002, no pet.); Villarreal v. Zukowsky, 54 S.W.3d 926, 930 (Tex. App.- Corpus Christi
2001, no pet.). 

5. See Saavedra v. Schmidt, 96 S.W.3d 533, 550 (Tex. App.- Austin 2002, no pet.).