Opinion issued August 31, 2005
     









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01169-CV




ALBERTO JIMENEZ, Appellant

V.

OFFICE OF THE ATTORNEY GENERAL AND ISABEL CAMPOVERDE,
Appellees




On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 1988-09951




MEMORANDUM OPINION
          Appellant, Alberto Jiminez, appeals the trial court’s “Order Confirming Child
Support Arrearage.” In two issues, Jimenez contends that the trial court had no
authority to enter its order confirming child support arrearage because the trial court
did not sign the decree of divorce, on which the arrearage order was based, until 13
years after Jimenez and his former wife signed their “Agreed Decree of Divorce and
Paternity Judgment.” We affirm.
Background
          Appellee, Isabel Perez,


 sued Jimenez for divorce on February 26, 1988. She
alleged that Jimenez was the biological father of two children born during the
marriage. Between January 16, 1990 and April 27, 1990, both parties and their
counsel signed an “Agreed Decree of Divorce and Paternity Judgment.” The agreed
decree recites that the cause had been heard on January 16, 1990 and that a decree of
divorce had been rendered between the two parties. The agreed decree further recites
that Jimenez was the father of both children born during the marriage and required
Jimenez to pay $225 in child support beginning January 20, 1990. Although the trial
judge at the time did not sign the agreed decree, the judge did sign an “Employer’s
Order to Withhold from Earnings for Child Support,” in accordance with the agreed
decree, which authorized Jimenez’s current employer and any subsequent employers
to withhold $225 per month from Jimnez’s earnings. 
          On May 8, 2002, 13 years after the parties and their counsel signed the agreed
decree, the Office of the Attorney General filed a “Motion for Enforcement of Child
Support Order,” alleging that Jimenez had not paid his child support obligations and
seeking to enforce them. Upon discovering that the agreed divorce decree had never
been signed by the trial judge who had presided over the 1990 divorce, the current
presiding trial judge signed the decree on May 20, 2003. The trial court heard the
Attorney General’s motion for enforcement on August 1, 2003, and, on August 8,
2003, signed an “Order Confirming Child Support Arrearage,” and rendered an
arrearage judgment of $41,060.47 against Jimenez. 
          Jimenez filed a motion for new trial in which he contended that the trial court’s
order was “improper,” and that the trial court had no jurisdiction to sign the divorce
decree or to order Jimenez to pay child support retroactively on a decree and order
that were neither properly rendered nor signed. After a hearing, the trial court denied
Jimenez’s motion for new trial. Discussion
          In two issues, Jimenez contends that the trial court had no authority to enter its
order confirming child support arrearage because the order was based on a decree of
divorce that was neither rendered nor signed by the trial court. Appellant further
contends that, because the decree was not signed until May 20, 2003, the trial court
granted relief on a judgment that was not final. We address these issues together.
          A judgment is void only when it is clear that the court rendering the judgment
had no jurisdiction over the parties or subject matter, no jurisdiction to render
judgment, or no capacity to act as a court. State ex rel. Latty v. Owens, 907 S.W.2d
484, 485 (Tex. 1995). 
          The court in which suit is first filed acquires dominant jurisdiction over the
controversey to the exclusion of coordinate courts. Bailey v. Cherokee County
Appraisal Dist., 862 S.W.2d 581, 586 (Tex. 1993); Curtis v. Gibbs, 511 S.W.2d 263,
267 (Tex. 1974); V.D. Anderson Co. v. Young, 101 S.W.2d 798, 800 (Tex. 1937);
Cleveland v. Ward, 285 S.W. 1063, 1070 (Tex. 1926).


 Moreover, in a divorce action
that includes a SAPCR (suit affecting the parent-child relationship), the trial court
acquires and retains continuing, exclusive jurisdiction over matters related to the suit
even after the court has rendered a final order. Tex. Fam. Code Ann. §§ 155.001,
155.002, 155.003 (Vernon 2002); Chalu v. Shamala, 125 S.W.3d 737, 738 (Tex.
App.—Houston [1st Dist.] 2003, no pet.); Daniels v. Daniels, 45 S.W.3d 278, 282
(Tex. App.—Corpus Christi 2001, no pet.); see also Tex. Fam. Code Ann.
§ 101.032(a) (Vernon 2002) (defining “suit affecting the parent-child relationship”).


 
In a SAPCR, the trial court in subsequent proceedings has jurisdiction to modify its
order upon the filing of a proper motion. Tex. Fam. Code Ann. §§ 155.003,
156.001, 156.004 (Vernon 2002); Daniels, 45 S.W.3d at 282; see also Trader v.
Dear, 565 S.W.2d 233, 235 (Tex. 1978) (stating, “[T]he court of continuing
jurisdiction is the one that has the exclusive power to reexamine its prior order which
evaluated the best interest of the child”).
          Rendition occurs when the trial court officially announces its decision (1) in
open court in a manner that objectively reflects its intention to render or (2) by written
memorandum filed with the clerk. S & A Restaurant Corp. v. Leal, 892 S.W.2d 855,
857 (Tex. 1995). Because rendition did not occur previously, the official procedural
step of rendition took place when the trial judge signed the decree and filed it with
the clerk of the trial court on May 20, 2003. See Burns v. Bishop, 48 S.W.3d 459, 465
(Tex. App.—Houston [14th Dist.] 2001, no pet.). 
          Nothing in the record before us demonstrates that the trial court had no
jurisdiction over the parties, no jurisdiction over the subject matter, no jurisdiction
to render judgment, and no capacity to act as a court when it signed the divorce
decree on May 20, 2003. Rather, the record shows that the trial court acquired
dominant jurisdiction on February 26, 1988, e.g., Bailey, 862 S.W.2d at 586, which
continued until May 20, 2003, when the trial court acquired continuing and exclusive
jurisdiction pursuant to Family Code § 155.001(a).
          It is undisputed that the record contains the original petition for divorce, which
was filed with the trial court on February 26, 1988, thereby establishing dominant
jurisdiction in the trial court. See Bailey, 862 S.W.2d at 586. 
          The undisputed record further shows that the Attorney General filed a proper
motion for enforcement of child support order and thereby requested the trial court
to exercise its dominant jurisdiction by entering an order regarding support of the
child. See Tex. Fam. Code Ann. §§ 155.003, 156.001, 156.004; Daniels, 45 S.W.3d
at 282. The record also contains a judgment, rendered in the form of a written decree
of divorce, that was signed by the trial court and filed with the clerk of the court. See
Burns, 48 S.W.3d at 465. Although the trial court signed the agreed decree of divorce
13 years after both parties signed it, the order confirming child support arrearage was
properly entered subsequently and pursuant to the valid, rendered decree of divorce. 

          Appellant further contends that the divorce decree is of no effect because a
docket entry notes that the matter had been “dismissed for want of prosecution” on
October 22, 1992. A docket entry, however, does not constitute a written order. 
Smith v. McCorkle, 895 S.W.2d 692, 692 (Tex. 1995).
 

Conclusion
          We conclude that the judgment in this case is not void.


 We affirm the
judgment of the trial court.
 
                                                             Elsa Alcala
                                                               Justice
 
Panel consists of Justices Taft, Alcala, and Higley.