### In the Interest of S. R. M., a child.

### No. 9150.

Court of Civil Appeals of Texas, Amarillo.

May 28, 1980.

The child is S. R. M. The appellant is L. M. S., the natural mother of the child. The appellees are E. E. O. and wife N. L. O. The appellees were the petitioners for termination and adoption in the trial court. After a bench hearing, the trial court granted the appellee's petition for adoption. The natural mother appeals from this judgment. On appeal, the natural mother maintains, *inter alia*, that the judgment should be reversed because the trial court terminated her parental rights to the child upon unpled grounds and that the evidence is legally insufficient to support the trial court's findings on the unpled grounds for termination. Sustaining these contentions of the appellant, we reverse and render.

By court decree, the appellant and W. F. M., Jr., were divorced on 17 June 1977. During the marriage the appellant gave birth to two male children. Prior to the divorce, the appellant and W. F. M., Jr., had been living apart for approximately eighteen months. The appellant had been living with a male companion for several months before the divorce proceeding. S. R. M. was born on 9 March 1977.

By the divorce decree, W. F. M., Jr., was appointed managing conservator of the two children and the appellant was appointed possessory conservator. Shortly after the divorce the appellant and her male companion went to Minnesota. They remained in Minnesota for approximately two and one-half months. Upon returning to Lubbock, Texas, in September of 1977, they moved into the house with W. F. M., Jr. and the two children. During this period, the appellant cared for the children while W. F. M., Jr., was at work. Within two or three weeks the appellant and her male companion moved out.

After the divorce proceedings, and at other various times, W. F. M., Jr.'s mother kept the children while he was at work. Also, the appellees' teenage daughter baby-sat with the children. In late September or early October of 1977, E. E. O. went to W. F. M., Jr.'s residence, found the father sick and attempting to care for the children by himself. At this time E. E. O. obtained

John W. Kennedy, West Texas Legal Services, Lubbock, for appellant.

Lewis P. Terrell, Lubbock, for appellees.

DODSON, Justice.

This is an action to terminate a parent-child relationship and to adopt the child.

permission from W. F. M., Jr., to take the children home with him. After W. F. M., Jr., recovered from his illness, he picked up the oldest boy, but left S. F. M. with E. E. O. W. F. M., Jr., instructed E. E. O. that the appellant was not to visit with the child without his prior consent. In December of 1977, the appellant determined from W. F. M., Jr. that S. F. M. was living with the appellees. At Christmas time, she visited S. F. M. and gave him presents.

In early January of 1978, W. F. M., Jr., took both of the children to the appellant and left them with her. He, however, did not want the managing conservatorship changed. The appellant testified that he wanted to have the right to determine where the children would be but that he did not want to pay child support. Sometime later in the month of January 1978, E. E. O. went to the appellant's house, found her sick and obtained her permission to take S. F. M. home with him.

The appellees have five children ranging in age from approximately 14 years of age to 26 years of age. Among their children is an unmarried daughter who was approximately twenty-two years of age at the time of the trial. This young woman was employed in an administrative position at a nursing home in Rotan, Texas.

After E. E. O. obtained S. F. M. from the appellant in January of 1978, the unmarried daughter took S. F. M. to Rotan, Texas to live with her. The child remained with the young lady in Rotan until approximately October of 1978. During this period, the young daughter brought the child to Lubbock almost every week-end, and the appellant visited with the child on the week-ends and provided some clothes for him. The appellant and E. E. O. discussed the matter of monetary support for the child. E. E. O. told her that he did not want and would not take any money for keeping the child because the appellant needed the money to support herself and the other child.

On 1 September 1978, the appellant married R. L. S., and on 2 November 1978, the appellant filed a motion to have herself appointed managing conservator of the two children. The appellees filed a petition on 5 January 1979, to terminate the parent-child relationship of the appellant and W. F. M., Jr., with S. F. M. In the same cause, the appellees also filed a petition to adopt S. F. M.

In the petition for termination, the appellees allege that:

Termination of the parent-child relationship between L. F. M. S. and the child is in the best interest of the child, and such termination is requested. As further grounds for termination, Petitioners allege that this parent voluntarily left the child alone or in the possession of another not the parent and, although expressing an intent to return, failed to do so without providing adequate support of the child and remained away for a period of at least six months.

Termination of the parent-child relationship between W. F. M. and the child is in the best interest of the child, and such termination is requested. As further grounds for termination, Petitioners allege that this parent has executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by section 15.02 of the Texas Family Code. This affidavit or relinquishment is attached to this petition or will be filed herein.[1]

No other grounds for termination are alleged in the petition.

By the first quoted paragraph from appellees' petition, they purport to allege grounds for termination under section 15.02(1)(C) of the Texas Family Code. Tex. Fam.Code Ann. § 15.02(1)(C) (Vernon Supp. 1980). This subsection provides that the parent-child relationship may be terminated when the parent "voluntarily [leaves] the child alone or in the possession of another without providing adequate support of the

---

1. An affidavit of relinquishment executed by W. F. M., Jr. is not attached to the petition and such affidavit does not appear in the record.

child and remain[s] away for a period of at least six months." The undisputed evidence shows that the appellant did not remain away from the child for a period of at least six months. In fact, appellee E. E. O. admitted by his testimony at the trial that the appellant did not remain away from the child for that long. Thus, the trial court refused to find the grounds pled in support of the judgment. Accordingly, under rule 299 of the Texas Rules of Civil Procedure, we may not supply the omitted finding.

Nevertheless, the trial court did find, *inter alia*, that the appellant (1) voluntarily left the child alone, and in the possession of Mr. and Mrs. E. E. O., and expressed an intent not to return; (2) voluntarily left S. F. M. in the possession of Mr. and Mrs. E. E. O., without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; (3) engaged in conduct and knowingly placed the child with A. G., who engaged in conduct which would endanger the physical or emotional well-being of S. F. M.; and (4) from the date of the divorce, until October, 1978, failed to support S. F. M. in accordance with her ability. None of the above findings are supported by the pleadings.

■ The appellant maintains that the judgment should be reversed because the trial court terminated her parental rights to the child upon unpled grounds. In this connection, the appellees contend that the appellant impliedly consented to a trial upon the unpled grounds by not excepting to the pleadings and by not objecting to the introduction of evidence related to the unpled grounds. In support of their position, the appellees rely on *Robinson v. Reliable Life Insurance Co.*, 554 S.W.2d 231 (Tex. Civ.App.—Dallas 1977), *aff'd*, 569 S.W.2d 28 (Tex.1978), and *Adcock v. King*, 520 S.W.2d 418 (Tex.Civ.App.—Texarkana 1975, no writ). We do not consider these cases controlling in this instance. The issues tried by consent in these cases do not involve the same mandatory statute nor are they of the same constitutional dimension as the issues present in the case before us.

We agree that the judgment should be reversed because the trial court terminated the appellant's parental rights to the child upon unpled grounds. Section 11.07(a) of the Texas Family Code provides that "A suit affecting the parent-child relationship *shall* be commenced by the filing of a petition as provided in this chapter" (emphasis added). Tex.Fam.Code Ann. § 11.07(a) (Vernon Supp.1980). Section 11.08(b)(10) of the Texas Family Code further provides that "The petition *must* include: (10) a statement describing what action the court is requested to make concerning the child *and the statutory grounds* on which the request is made" (emphasis added). Tex. Fam.Code Ann. § 11.08(b)(10) (Vernon Supp.1980). In a juvenile transfer proceeding, the Supreme Court of Texas determined, among other things, that the word "must" as used in section 53.04 of the Texas Family Code and other sections set forth therein denotes mandatory statutory requirements. *In the Matter of D. W. M.*, 562 S.W.2d 851, 852 (Tex.1978); *In the Matter of H. S., Jr.*, 564 S.W.2d 446, 448 (Tex.Civ. App.—Amarillo 1978, no writ). Accordingly, we conclude that the word "must" as used in section 11.08(b)(10) denotes a mandatory statutory requirement; and therefore, the statutory grounds for termination must be stated in the petition.

■ Furthermore, with good reason, the legislature mandatorily required that the statutory grounds for involuntary termination of the parent-child relationship must be stated in the petition. The Supreme Court of the United States and the Supreme Court of Texas have recognized that involuntary termination of parental rights involves fundamental constitutional rights. *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972); *In the Interest of G. M.*, 596 S.W.2d 846 (Tex. 1980). In *Stanley*, the Court stated that "The integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, . . . the Equal Protection Clause of the Fourteenth Amendment, . . . and the Ninth Amendment." *Stanley v. Illinois, supra*, at

651, 92 S.Ct. at 1213. In *Board of Regents v. Roth*, 408 U.S. 564, 572, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972), the Court said that the term "liberty", as used in the due process cause of the Constitution, "denotes not merely freedom from bodily restraint but also the right of the individual to . . marry, establish a home and *bring up children* . . . . *Meyer v. Nebraska*, 262 U.S. 390, 399, 43 S.Ct. 625, 626, 67 L.Ed. 1042 (1923)." Moreover, the United States Supreme Court has determined that in a juvenile delinquency adjudication hearing, to comply with the due process requirements, notice of the charges "must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded." *In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527 (1967). Thus, we are persuaded that this constitutional principle from *Gault* and the rationale for the principle are equally applicable to proceedings to involuntarily terminate the parent-child relationship.

In the case before us, there is a total absence from the record of any notice to the appellant that the trial court was trying, considering or even contemplating termination upon any unpled statutory grounds. Accordingly, we conclude that the appellant did not knowingly relinquish or waive her right to have the statutory grounds for termination stated in the petition, and that she did not expressly or meaningfully consent to a trial upon the unpled grounds.

The appellant further contends that the judgment should be reversed because the evidence is legally insufficient to support the trial court's challenged findings upon the unpled grounds for termination.[2] Our Texas Supreme Court has determined that in involuntary parent-child termination proceedings, the essential facts must be proved by "the clear and convincing evidence standard." *In the Interest of G. M.*, 596 S.W.2d 846, 847 (Tex.1980). The clear and convincing evidence standard is defined as "that measure or degree or proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the *allegations* sought to be established" (emphasis added). *In the Interest of G. M.*, *supra*, at 847; *State v. Addington*, 588 S.W.2d 569, 570 (Tex.1979). In determining whether there is any clear and convincing evidence to prove each of the unpled grounds for termination, we must review the entire record and consider all of the evidence.

The trial court's finding that the appellant voluntarily left the child alone, in the possession of Mr. and Mrs. E. E. O., and expressed an intent not to return relates to section 15.02(1)(A) of the Texas Family Code. Tex.Fam.Code Ann. § 15.02(1)(A) (Vernon Supp.1980). The court's finding paraphrases the unpled statutory requirements for the involuntary termination of the parent-child relationship. The grounds for termination alleged against the appellant in the petition for termination states, *inter alia*, that "Petitioners allege that this parent [the appellant] voluntarily left the child alone or in the possession of another, not the parent and, *although expressing an intent to return, failed to do so* " (emphasis added). This pleading is a judicial admission by the appellees that the appellant did not leave the child with them and did not express an intent *not* to return. Furthermore, there is no clear and convincing evidence in the record to support the trial court's finding.

The trial court further found that the appellant voluntarily left the child in the possession of the appellees without expressing an intent to return, without providing for adequate support of the child and remained away for a period of at least three months. The finding relates to the unpled grounds set forth in section 15.02(1)(B). Tex.Fam.Code Ann. § 15.02(1)(B) (Vernon Supp.1980). The evidence shows, *inter alia*,

---

**2.** The challenged findings are set forth above. In this connection, our disposition of the appellant's first stated contention is dispositive of this appeal. Nevertheless, we speak to the appellant's second stated contention upon the arguendo assumption that the unpled grounds were tried by consent, even though we have rejected appellees' trial by consent contention.

that after E. E. O. obtained the child from the appellant in January of 1978, she continued to visit the child and she did not remain away from the child for a period of three consecutive months.

The trial court also found that the appellant engaged in conduct and knowingly placed the child with A. G. who engaged in conduct which endangered the physical or emotional well being of the child. This finding paraphrases the unpled grounds set forth in section 15.02(1)(E). Tex.Fam.Code Ann. § 15.02(1)(E) (Vernon Supp.1980). There is no clear and convincing evidence to support these unpled grounds for termination. In this connection, the only evidence is that after a spat or argument with A. G., her male companion, the appellant left the child with him for a period of two or three hours. There is no evidence that A. G. engaged in any conduct which would endanger the physical or emotional well-being of the child.

Likewise, no clear and convincing evidence exists to support the finding by the trial court that from the date of the divorce, 17 June 1977, the appellant failed to support the child in accordance with her ability. The appellant has a ninth grade education with no particular employment skills. The evidence shows that during the period in question, she worked as a waitress for two different establishments. There is no evidence of how long she worked at these jobs, whether she was physically able to work during this period and what amount of money she earned or was able to earn during the period of time in question. Nevertheless, the evidence does show that for a period of time in January of 1978, she supported and had the child in her possession. Moreover, the evidence further shows that the appellant provided clothing and gifts for the child from time to time during the period in question. Under these circumstances, we are not persuaded that clear and convincing evidence establishes the appellant failed to support the child in accordance with her ability during the period from 17 June 1977, the date of the divorce, until October 1978. *See Wiley v. Spratlan,* 543 S.W.2d 349, 351 (Tex.1976).

In summary, we sustain appellant's points of error one, two, four, six, eight and ten which are summarized in the appellant's contentions set forth. Our disposition of these points is dispositive of this appeal. Accordingly, the judgment of the trial court is reversed, and judgment is rendered that the appellees' petitions for termination and adoption are denied.