In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-295 CV


____________________



In the Interest of J.D.F, S.F., B.F., and J.D.F.







On Appeal from the 317th District Court


Jefferson County, Texas


Trial Cause No. C-169,590-A






OPINION


 Appellant Belinda Foster appeals the trial court's judgment terminating her parental
rights to her four minor children, J.D.F., S.F., B.F., J.D.F. (1) On appeal she challenges
the legal and factual sufficiency of the evidence to support the findings of the trial court
and argues for a heightened standard of review. Foster also contends the trial court
violated the due process clause of the United States Constitution by terminating her
parental rights. 

 The disposition of this case is governed by our recent opinion in In the Interest of
M.S., No. 09-01-037 CV, 2002 WL 538089 (Tex. App.--Beaumont, April 11, 2002, no
pet. h.). Challenges to the legal and factual sufficiency of the evidence must be preserved.
Id. at *3-4. Since they have not been preserved, we overrule issues two through seven. 
Because of our disposition of issues two through seven, we need not address issue one --
asking for a heightened standard of review for legal and factual sufficiency issues. 

 In issue eight, Foster asserts the trial court violated the due process clause of the
Fourteenth Amendment by terminating her parental rights. As Foster points out, the
parent-child relationship is one of constitutional magnitude. See Stanley v. Illinois, 405
U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); Santosky v. Kramer, 455 U.S. 745,
758-59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). As we read her brief, she claims the
trial court terminated her parental rights because she is a crack addict. The order
terminating her parental rights set out grounds of termination from the Texas Family Code. 
They are set out, in pertinent part, below:

 (1) She knowingly placed or allowed the children to remain in conditions or
surroundings which endanger the physical or emotional well-being of the
children. 

 (2) She engaged in conduct or knowingly placed the children with persons
who engaged in conduct which endangers the physical or emotional well-being of children. 

 (3) She failed to comply with the provisions of the court's order necessary
to obtain return of the children. 

 (4) She "used a controlled substance, as defined by Chapter 481, Health and
Safety Code, in a manner that endangered the health or safety of the
child(ren), and (1) failed to complete a court-ordered substance abuse
treatment program; or (2) after completion of a court-ordered substance
abuse treatment program, continued to abuse a controlled substance"; 

 (5) Termination is in the best interest of the children. 


See generally Tex. Fam. Code Ann. § 161.001(1)(D),(E),(O),(P),(2) (Vernon Supp.
2002). Her parental rights were not terminated solely because of drug addiction. 

 Appellant appears to ask this court to treat drug addicted parents in termination
proceedings differently from parents who have no addiction. According to Foster, the
justification warranting special treatment is that addiction is a "chronic relapsing disease." 
We decline to accord such special treatment to addicts. Issue eight is overruled. The
order terminating the parental rights of Belinda Foster to the minor children, J.D.F., S.F.,
B.F., and J.D.F. is affirmed.

 AFFIRMED.

 _______________________________

 DAVID B. GAULTNEY

 Justice


Submitted on April 25, 2002

Opinion Delivered May 9, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.

CONCURRING OPINION


 I concur in the result. However, I differ with the majority on the requirement for
the preservation of error regarding the sufficiency of the evidence (issues two through
seven). The majority follows our recent opinion in In the interest of M.S., No. 09-01-037
CV, 2002 WL 538089 (Tex. App.--Beaumont, April 11, 2002, no pet. h.)(not yet released
for publication), and holds that legal and factual sufficiency may not be raised unless
properly preserved. I would follow the Tenth Court of Appeals' rationale in In the Interest
of A.P., 42 S.W.3d 248, 254-56 (Tex. App.--Waco 2001, pet. filed); see also In the
Interest of A.V., 57 S.W.3d 51, 58 (Tex. App.--Waco 2001, pet. filed); In the Interest of
S.R.M., 601 S.W.2d 766, 769-70 (Tex. Civ. App.--Amarillo 1980, no writ). 

 Because the majority does not reach issue one, nor do I.




 DON BURGESS

 Justice


Concurrence Delivered

May 9, 2002

Do Not Publish
1. The parental rights of the father of three of the children, J.D.F., S.F., and B.F.,
and the parental rights of the father of another child, J.D.F., were also terminated. Since
the fathers did not answer, did not appear in court, and have not appealed to this court,
that part of the termination order has become final.