NO. 07-06-0037-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 1, 2006

_____

In re S.N.G. AND D.D.S.

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-524,599; HON. KEVIN HART, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Maria E. Vargas appeals from an order terminating the parental relationship between herself and her children S.N.G. and D.D.S. The trial court appointed Vargas counsel to represent her on appeal. Thereafter, her appointed counsel filed an *Anders*[1] brief and motion to withdraw.[2] In the brief, appellate counsel certified that she 1) diligently reviewed the appellate record and 2) concluded the appeal was meritless. So too did counsel state that she informed her client, Vargas, of her conclusion and of Vargas' right to review the record and file a *pro se* response to the brief and motion. This court also contacted Vargas, in writing, to inform her of counsel's motion and brief and of Vargas' right to

_____

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967).

[2]The trial court appointed appellate counsel to represent Vargas via the directives contained in the Texas Family Code. TEX. FAM. CODE ANN. §107.013 (Vernon Supp. 2005) (stating that an indigent parent is entitled to appointed counsel in proceedings to terminate the parental relationship).

respond thereto after reviewing the record. Vargas failed to file a response. For the reasons which follow, we affirm the judgment.

*Application of Anders*

As previously mentioned, counsel was appointed to represent Vargas on appeal and ultimately filed an *Anders* brief and motion to withdraw. In doing so, she advised the court and her client not only that she diligently reviewed the record and applicable authorities but also concluded that there existed no reversible error. So too did she explain why the issues her research disclosed as potentially viable were not. Moreover, Vargas was afforded opportunity to respond to the brief and motion but failed to do so.

Next, as we are obligated to do when the proceeding is criminal, we conducted our own independent review of the record to discover arguable grounds of appeal. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon conducting that review, we determined that Vargas 1) had notice of the grounds proffered for terminating her parental rights except for one which included her failure to comply with a court order, 2) failed to appear at the hearing and 3) had opportunity to defend against those grounds through the use of counsel, the presentation of evidence, and the cross-examination of adverse witnesses. Furthermore, the evidence presented at the trial legally and factually supported the court's findings that Vargas 1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children and 2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children. However, we do not find in the record a petition alleging the failure to comply with a court order as a ground for termination. Because Vargas did not receive

2

notice of the latter allegation, the trial court cannot rely on it as a basis for termination. *See In the Interest of S.R.M.*, 601 S.W.2d 766, 769 (Tex. Civ. App.–Amarillo 1980, no writ) (stating that the statutory grounds for termination must be stated in the petition). Therefore, we will reform the judgment accordingly.

The record also contains evidence upon which the court could clearly and convincingly find that termination of Vargas' parental rights was in the best interest of the children. Finally, with regard to the arguable grounds raised and then negated by appellate counsel, we agree that they were meritless.

Having found no arguable merit to the appeal, we reform the judgment by removing paragraph 6.2.3 (involving appellant's alleged failure to comply with a court order) as a ground warranting termination and affirm the order as modified. So too do we grant counsel's motion to withdraw.

Brian Quinn
Chief Justice