NO. 07-06-0083-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 5, 2006
_____

IN THE INTEREST OF B. J. L., a child
_____

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-517,417; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J. and REAVIS and CAMPBELL, JJ.

Daryl M. Washington appeals from an order terminating his parental rights to his daughter B. J. L. The trial court appointed Washington counsel to represent him on appeal. Thereafter, his appointed counsel filed an *Anders*[1] brief and motion to withdraw.[2] In the brief, appellate counsel certified that she diligently reviewed the record and concluded the appeal was meritless. So too did counsel inform her client of her conclusion and of his right to review the record and file a *pro se* response to the brief and motion.

---

[1]*Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]The trial court appointed appellate counsel to represent Washington via the directives contained in the Texas Family Code. TEX. FAM. CODE ANN. §107.013 (Vernon Supp. 2006) (stating that an indigent parent is entitled to appointed counsel in proceedings to terminate the parent/child relationship).

This court also informed Washington in writing of counsel's motion and brief and of his right to respond by August 16, 2006. Washington has failed to do so.

Appellate counsel discussed one possible issue for appeal but then explained why the issue was not viable.[3] We also reviewed the record as we are obligated to do to discover any arguable grounds of appeal. *Stafford v. State,* 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Upon conducting that review, we determined that Washington 1) had notice of the grounds proffered for terminating his parental rights except for his failure to comply with a court order, and 2) appeared at the hearing and had the opportunity to defend against those grounds through use of counsel, the presentation of evidence, and the cross-examination of adverse witnesses. Furthermore, the evidence presented at trial legally and factually supports one or more of the findings that Washington 1) engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the physical or emotional well-being of the child, 2) voluntarily, and with knowledge of the pregnancy, abandoned the child's mother beginning at a time during her pregnancy with the child and continuing through the birth, failed to provide adequate support or medical care for the mother during the period of abandonment before the birth of the child, and remained apart from the child or failed to support the child since the birth, and 3) knowingly engaged in criminal conduct that has resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than

---

[3]The issue is with respect to the trial court's extension of the termination suit one day after the statutory deadline. *See* TEX. FAM. CODE ANN. §263.401(Vernon Supp. 2006). However, the State non-suited the lawsuit against Washington before any adjudication of his rights making the issue moot.

two years from the date the petition was filed.[4]  However, we do not find in the record a petition alleging the failure to comply with a court order as a ground for termination. Because Washington did not receive notice of the latter allegation, the trial court cannot rely on it as a basis for termination.  *See In the Interest of S.R.M.,* 601 S.W.2d 766, 769 (Tex. Civ. App.–Amarillo 1980, no writ) (stating that the statutory grounds for termination must be stated in the petition).  Therefore, we will reform the judgment accordingly.  The record also contains evidence upon which the court could clearly and convincingly find that termination of Washington's parental rights was in the best interest of the child.

Having found no arguable merit to the appeal, we reform the judgment by removing paragraph 7(d) (involving Washington's alleged failure to comply with a court order) as a ground warranting termination and affirm the order as modified.  So too do we grant counsel's motion to withdraw.


Brian Quinn
Chief Justice

---

[4]The trial court's decision may be affirmed if the evidence supports the existence of one statutory ground assuming that the State also proved that termination was in the best interest of the child. *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003).