

# NUMBER 13-14-00620-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI—EDINBURG

_____

## IN THE INTEREST OF A.V. AND I.V., MINOR CHILDREN

_____

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas

_____

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant father appeals the termination of his parental rights.[1]  Following a jury

verdict, the trial court entered an order terminating the parental rights of appellant to his

two minor children, A.V. and I.V.[2]  By one issue, appellant argues the judgment should

---

[1] The order also terminated the parental rights of the children's mother.  She is not a party to this appeal.

[2] In appeals involving the termination of parental rights, the Texas Rules of Appellate Procedure require the use of an alias to refer to a minor.  TEX. R. APP. P. 9.8.  We may also use an alias "to [refer to] the minor's parent or other family member" to protect the minor's identity.  _Id._

be reversed because the pleadings are "fatally defective."  We vacate and dismiss in part, and affirm in part.

## I. BACKGROUND

### A.     The Petition

The Department of Family and Protective Services ("Department") filed a petition to terminate parental rights with respect to A.V. and I.V.  The Department sought to terminate the parental rights of the children's mother, and, in a section specifically identifying her by name, alleged statutory grounds for termination against her under the Texas Family Code.[3]  The affidavit in support of removal, filed with the petition, alleged neglectful supervision and physical neglect of the children by mother.  More specifically, the relevant paragraph states:

> **13.    Termination of [Mother's][4] Parental Rights**
>
> If reunification with the mother cannot be achieved, the Court should terminate the parent-child relationship between **[Mother]** and the children the subject of this suit under Chapter 161, Texas Family Code, because termination of the parent-child relationship is in the children's best interest and **[Mother]** has committed one or more of the following acts or omissions:
>
> *****
>
> 13.20.  The Court should terminate the parent-child relationship between **[Mother]** and the children the subject of this suit under § 161.003, Texas Family Code, because **[Mother]** has a mental or emotional illness or a mental deficiency that renders the mother unable to provide for the physical, emotional, and mental needs of the children and will

---

[3] The Department also requested: to be named the temporary sole managing conservator of the children; if the children could not be safely reunified with either parent, that the Department, a relative, or other suitable person be named the permanent sole managing conservator of the children; and temporary orders regarding support of the children, possession and access to the children, and services to be completed by the parents.

[4] In the petition, the mother's actual name was used throughout this section in bold as shown.

2

continue to render the mother unable to provide for the children's needs until the 18th birthday of the children, despite at least six months of reasonable efforts to return the children to the parent, pursuant to § 161.003, Texas Family Code.

The petition, however, did not include a similar section identifying appellant by name, did not allege any statutory grounds for termination against him under the Texas Family Code, and did not seek termination of appellant's parental rights. Rather, the sole reference in the petition to appellant by name was with respect to service:

**4.      Parties to be Served**

\*\*\*\*\*

4.2.    The alleged father of the child **[A.V.] AND [I.V.]** is:

Party:          **[Father's Name]**
Date Of Birth:        **unknown**

The alleged father is deceased.

Soon after the Department filed its original petition, the Department discovered appellant was alive and incarcerated. He was subsequently served with the petition, but the pleadings were never amended.

**B.      Pre-Trial Proceedings**

On the date the petition was filed, the trial court signed an emergency order naming the Department as temporary sole managing conservator of the children. At the initial permanency hearing, the trial court appointed an attorney to represent appellant. He later appeared by and through counsel at a second permanency hearing. The trial court granted appellant's motion to attend the trial by telephone because of his incarceration.

**C.      Jury Trial**

The case was presented to a jury. During opening statements, the Department's counsel explained to the jury, without objection, that the Department was seeking to

3

terminate the parental rights of both parents pursuant to Texas Family Code sections 161.001(1)(N) and (Q).[5] *See* TEX. FAM. CODE ANN. §§ 161.001(1)(N), (Q) (West, Westlaw through 2013 3d C.S.). Appellant's counsel argued that the evidence would be insufficient to show that termination would be in the children's best interest.[6]

The trial court granted a partial instructed verdict on the grounds for termination set out in sections 161.001(1)(N) and (Q), and the case was submitted to the jury solely on the issue of the children's best interest. The jury found by clear and convincing evidence "that termination of the parent-child relationship between [appellant] and the children, [A.V.] and [I.V.], is in the best interests of the children." The trial court rendered judgment terminating appellant's parental rights. This appeal followed.

## II. DEFECTIVE PLEADINGS

By one issue, appellant argues that the Department's petition is fatally defective because the pleadings failed to request termination of appellant's parental rights.

---

[5] The Texas Family Code provides statutory grounds for termination where the court finds by clear and convincing evidence that the parent has:

> (N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months, and: (i) the department or authorized agency has made reasonable efforts to return the child to the parent; (ii) the parent has not regularly visited or maintained significant contact with the child; and (iii) the parent has demonstrated an inability to provide the child with a safe environment; [or]
>
> *****
>
> (Q) knowingly engaged in criminal conduct that has resulted in the parent's: (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition[.]

TEX. FAM. CODE ANN. §§ 161.001(1)(N),(Q) (West, Westlaw through 2013 3d C.S.).

[6] Before terminating parental rights, the trier of fact must find by clear and convincing evidence that the parent committed an act prohibited by subsection 161.001(1) of the Texas Family Code and that termination is in the best interest of the child. *Id.* § 161.001.

Specifically, appellant argues that the Department's petition does not meet the statutory pleading requirements for a petition seeking termination of the parent-child relationship. Appellant maintains the judgment terminating his parental rights is void because it is not supported by the pleadings.[7]

## A. Preservation of Error

We must address preservation of error as a threshold issue. Appellant concedes he "failed to raise concerns or objections about the State's pleadings" during the underlying pretrial and trial proceedings. The Department argues that by failing to object to the pleadings appellant did not preserve his complaint for appellate review.

A party must make the trial court aware of a complaint, timely and plainly, and obtain a ruling to preserve an issue for appellate review. TEX. R. APP. P. 33.1; *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003). However, jurisdictional defects represent fundamental error and may be raised for the first time on appeal. *See Mapco, Inc. v. Carter,* 817 S.W.2d 686, 687 (Tex. 1991). A judgment must be supported by the pleadings, and a trial court exceeds its jurisdiction if it renders a judgment in the absence of pleadings. TEX. R. CIV. P. 301; *Daniels v. Daniels*, 45 S.W.3d 278, 282 (Tex. App.—Corpus Christi 2001, no pet.). Rendering judgment without jurisdiction is fundamental error. *Cotton v. Cotton*, 57 S.W.3d 506, 510 (Tex. App—Waco 2001, no pet.). Because appellant questions the trial court's jurisdiction to render judgment, the issue may be raised for the first time on appeal. *See Mapco, Inc.,* 817 S.W.2d at 687.

---

[7] While appellant maintains the trial court's order of termination is void, he does not explicitly argue fundamental error. However, lack of jurisdiction is fundamental error that may be recognized by the appellate court, *sua sponte*, for the first time on appeal. *See Britton v. Tex. Dep't of Criminal Justice,* 95 S.W.3d 676, 681 n. 6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("In an appeal properly before it, an appellate court may always address fundamental error, even without an appellate challenge.").

**B. Applicable Law**

We construe appellant's issue as follows: whether the trial court has jurisdiction to render judgment terminating parental rights in the absence of any pleadings seeking such relief. Involuntary termination of parental rights involves fundamental constitutional rights and divests the parent and child of all legal rights, privileges, duties and powers normally existing between them, except for the child's right to inherit from the parent. *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985); *see In re D.S.P.*, 210 S.W.3d 776, 778 (Tex. App.—Corpus Christi 2006, no pet.). A petition to terminate parental rights "is sufficient without the necessity of specifying the underlying facts if the petition alleges in the statutory language the ground for the termination and that termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.101.

A court's jurisdiction is invoked by the pleadings. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.). Where there are no pleadings seeking affirmative relief, the trial court is without jurisdiction as to the parties or the subject matter. *Daniels*, 45 S.W.3d at 282; *Seber v. Glass*, 258 S.W.2d 122, 124 (Tex. Civ. App—Fort Worth 1958, no writ). A judgment terminating parental rights cannot be supported on grounds not pleaded in the petition. *See In re S.R.M.,* 601 S.W.2d 766, 769 (Tex. Civ. App.—Amarillo 1980, no writ) (holding that parental rights, being of constitutional dimension, may not be terminated on unpleaded grounds); *see also In re B.B.,* 971 S.W.2d 160, 163 (Tex. App.—Beaumont 1998, pet. denied) (holding that grounds for termination must be pleaded to support trial court's judgment), *disapproved on other grounds by In re C.H.*, 89 S.W.3d 17 (Tex. 2002).

6

**C.      Discussion**

Appellant relies on *In re S.R.M.*, 601 S.W.2d at 769, to support his argument that the Department's petition is "fatally defective." In *S.R.M.*, the pleadings alleged statutory grounds for termination of the mother's parental rights. *Id.* at 768–69. Following a bench trial, the trial court terminated the mother's parental rights based upon three separate statutory grounds not supported by the pleadings. *Id.* at 769. The court of appeals rejected the petitioner's argument that the termination grounds were tried by consent and held "the judgment should be reversed because the trial court terminated the appellant's parental rights to the child upon unpled grounds." *Id.* The court further noted "[i]n the case before us, there is a total absence from the record of any notice to the appellant that the trial court was trying, considering or even contemplating termination upon any unpled statutory grounds." *Id.* at 770. The court concluded that the mother "did not knowingly relinquish or waive her right to have the statutory grounds for termination stated in the petition, and that she did not expressly or meaningfully consent to a trial upon the unpled grounds." *Id.*

In response, the Department argues *S.R.M.* is distinguishable because appellant received fair notice of the Department's intent to seek termination of his parental rights and the issue was tried by consent.[8]   The court in *S.R.M.*, however, expressly rejected this argument noting that cases applying the trial by consent doctrine "do not involve the

---

[8] When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Tex. R. Civ. P. 67. "The doctrine of trial by consent is not intended to establish a general rule of practice and should be applied with care; it should never be applied in a doubtful situation." *In re P.D.D.*, 256 S.W.3d 834, 841 (Tex. App.—Texarkana 2008, no pet.).

7

same mandatory statute nor are they of the same constitutional dimension as the issues present in the case before us." *Id.*

We note other appellate courts have applied the trial by consent doctrine to termination of parental rights cases, but only when the trial court's judgment is supported by a petition seeking termination against the parent. *See In re K.S.*, 448 S.W.3d 521, 533–34 (Tex. App.—Tyler 2014, pet. denied) (holding that termination of parental rights under the Indian Child Welfare Act was tried by consent where Department pleaded for termination under Texas Family Code); *see also In re A.J.B.*, No. 14–02–00794–CV, 2003 WL 21403480, at *1–2 (Tex. App.—Houston [14th Dist.] June 19, 2003, pet. denied) (mem. op.) (where pleading sought to terminate father's parental rights for failing to register with paternity registry, termination on basis of impregnating child's mother by sexual assault was tried by consent).

Assuming, without deciding, that unpled termination grounds can be tried by consent, we conclude the trial by consent doctrine does not apply here, where there is no pleading whatsoever seeking to terminate appellant's parental rights. In the absence of a pleading seeking affirmative relief, the trial court is without jurisdiction to render judgment. *See Daniels*, 45 S.W.3d at 282. Here, the only explicit reference to appellant in the petition is a section identifying him as the children's deceased father. At a minimum, a petition seeking to terminate the parent child relationship must "allege[] in the statutory language the ground for the termination and that termination is in the best interest of the child." TEX. FAM. CODE ANN. § 161.101. There are no pleadings from which the trial court could render judgment as to appellant. *See Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 812–13 (Tex. 1983) (noting that document filed was not sufficient to support

8

judgment where it did not state cause of action and alleged no statutory basis upon which judgment could be based); *Daniels*, 45 S.W.3d at 282 (holding that trial court was without jurisdiction to enter judgment "since no live pleading existed in case urging a cause of action from which judgment could be taken"); *Granado v. Madsen,* 729 S.W.2d 866, 870 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (holding that summary judgment order was a nullity and of no effect where there were no live pleadings and no cause of action against which summary judgment could be granted); *Seber*, 258 S.W.2d at 124 (holding trial court was without jurisdiction to render order where there existed no pleadings seeking affirmative relief).

We hold that the trial court exceeded its jurisdiction in rendering judgment against appellant because there was no pleading seeking to terminate his parental rights. This is fundamental error. *See Cotton*, 57 S.W.3d at 510. We sustain appellant's sole issue.

### III. CONCLUSION

We vacate the portion of the trial court's judgment terminating appellant's parental rights and dismiss the cause as it pertains to appellant. *See* TEX. R. APP. P. 43.2(e); *City of El Paso v. Marquez*, 380 S.W.3d 335, 345 (Tex. App.—El Paso 2012, no pet.) (explaining that where the trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause). The judgment is otherwise affirmed.

Gregory T. Perkes
Justice

Delivered and filed the
30th day of April, 2015.

9