

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00098-CV

IN THE INTEREST OF J.W., S.S., J.S., AND S.S., CHILDREN

On Appeal from the 62nd District Court
Hopkins County, Texas
Trial Court No. CV44470

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

On October 7, 2020, the Department of Family and Protective Services (the Department) filed a petition to terminate Mother's parental rights to her children, J.W., S.S., J.S., and S.S. The Department's petition also sought to terminate Father's parental rights to his known children, S.S., J.S., and S.S., and the parental rights of J.W.'s alleged father. After DNA test results showed that J.W. was not the child of the person named in the Department's petition as the alleged father, the trial court, on August 27, 2021, ordered Father to submit to genetic testing to determine if J.W. was his biological child. On September 23, 2021, DNA test results established that J.W. was Father's child, and the trial court entered an order adjudicating Father's parentage to J.W. After a hearing held on September 27, the trial court terminated Mother's and Father's parental rights to all of the children.[1]

Mother and Father both appeal. Mother's attorney has filed an *Anders* brief with this Court arguing that there are no non-frivolous issues that can be raised on appeal. *See Anders v. California*, 386 U.S. 738, 743–44 (1967). Father, however, argues that the trial court erred by

---

[1] The trial court terminated Mother's and Father's parental rights after finding that each of them (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, as set forth by Section 161.001(b)(1)(D) of the Texas Family Code, (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered their physical or emotional well-being, as set forth by Section 161.001(b)(1)(E), (3) contumaciously refused to submit to a reasonable and lawful order of a court as described by Section 161.001(b)(1)(I), (4) constructively abandoned the children as described by Section 161.001(b)(1)(N), (5) failed to comply with the provisions of a court order that specified the actions necessary for Mother to obtain the return of the children, as described by Section 161.001(b)(1)(O), and (6) used a controlled substance in a manner that endangered the health or safety of the children, as described by Section 161.001(b)(1)(P). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (I), (N), (O), (P) (Supp.). The trial court also found that termination of Mother's and Father's parental rights was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(2) (Supp.).

terminating his parental rights to J.W. because the Department's petition failed to name him as J.W.'s parent.

We agree that there are no meritorious grounds for reversal of the trial court's order terminating Mother's parental rights to her children. Accordingly, we affirm the trial court's order terminating Mother's parental rights. Because Father raises no complaint regarding the termination of his parental rights to S.S., J.S., and S.S., we also affirm that portion of the trial court's judgment. However, because we determine that the trial court erred by terminating Father's parental rights to J.W. in the absence of pleadings by the Department seeking such action, we vacate the trial court's judgment terminating Father's parental rights as to J.W. only.

## I.    There Are No Meritorious Grounds for Reversal of the Termination of Mother's Parental Rights

Mother's court-appointed appellate counsel has filed a motion to withdraw and a brief discussing the applicable law and evaluating the entire record in this case. Counsel states that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Meeting the requirements of *Anders*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders*, 386 U.S. at 743–44; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental-rights termination cases).

On November 12, 2021, counsel mailed to Mother copies of the brief, the appellate record, and the motion to withdraw. Mother was informed of her rights to review the record and

3

file a pro se response. By letter dated November 12, this Court informed Mother that any pro se response was due on or before December 2. On January 12, this Court further informed Mother that the case would be set for submission on the briefs on February 2. We received neither a pro se response from Mother nor a motion requesting an extension of time in which to file such a response.

We have determined that Mother's appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal by Mother. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Even so, we deny Mother's counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27 (noting that in parental-rights termination cases, court-appointed counsel's duty to her client generally extends "through the exhaustion of appeals," "including the filing of a petition for review" in the Texas Supreme Court). If Mother desires to pursue this matter in the Texas Supreme Court, counsel may fulfill her duty "by filing a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 28.

## II. The Trial Court Erred by Terminating Father's Parental Rights to J.W. in the Absence of Any Pleading Requesting Such Action

The Department named another man as J.W.'s father in its petition. Although DNA test results showed that the other man did not father J.W., the Department never filed an amended petition and did not seek a trial amendment to correct the error. As a result, our review of the Department's petition shows that it did not seek to terminate Father's parental rights to J.W. Even so, because DNA test results showed, just four days before trial, that J.W. was Father's child, the trial court adjudicated Father's parentage and terminated his parental rights to J.W.

4

"The Supreme Court of the United States and the Supreme Court of Texas have recognized that involuntary termination of parental rights involves fundamental constitutional rights." *In re S.R.M.*, 601 S.W.2d 766, 769 (Tex. App.—Amarillo 1980, no pet.) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re G.M.*, 596 S.W.2d 846 (Tex. 1980)). As a result, when the Department seeks to permanently terminate the relationship between a parent and a child, it must observe fundamentally fair procedures. *In re E.R.*, 385 S.W.3d 552, 554 (Tex. 2012) (citing *Santosky v. Kramer*, 455 U.S. 745 (1982)). "The most basic of these is notice." *Id.*

Moreover, "[t]he judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he [or she] may be entitled either in law or equity." *In re P.M.G.*, 405 S.W.3d 406, 416 (Tex. App.—Texarkana 2013, no pet.) (quoting TEX. R. CIV. P. 301). "Because the party's pleadings invoke the trial court's jurisdiction to render a judgment, an order not supported by the pleadings is void for lack of jurisdiction." *Id.* at 416–17; *see In re A.V.*, No. 13-14-00620-CV, 2015 WL 1957093, at *5 (Tex. App.—Corpus Christi Apr. 30, 2015, no pet.) (mem. op.) (concluding that terminating Father's parental rights in the absence of pleadings constituted fundamental error); *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet.) ("A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void." (quoting *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex. App.—Dallas 1975, orig. proceeding))). Since "[a] judgment, absent issues tried by consent, must conform to the pleadings," relief "may not be granted in the absence of pleadings to support that relief." *In re P.M.G.*, 405 S.W.3d at 417.

5

The Department first argues that, even though it did not plead for the trial court to terminate Father's parental rights to J.W., Father has failed to preserve the error. The Department then argues that the issue was tried by consent because, among other things, Father did not object to the trial after his parentage was adjudicated and witnesses testified about J.W. without objection. However, we conclude that Father was not required to preserve fundamental error, the adjudication of Father's parentage was not sufficient to give Father notice that the Department was seeking termination of his parental rights to J.W., and nothing shows that the trial-by-consent doctrine applies in the situation before us. Yet, even applying the trial-by-consent doctrine out of an abundance of caution, we conclude that the evidence introduced by the Department was equally applicable to the allegations in its petition to terminate Mother's parental rights and Father's parental rights to S.S., J.S., and S.S., precluding a conclusion that Father's parental-rights termination was tried by consent.

"A party must make the trial court aware of a complaint, timely and plainly, and obtain a ruling to preserve an issue for appellate review." *In re A.V.*, 2015 WL 1957093, at *3 (citing TEX. R. APP. P. 33.1; *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003)). "However, jurisdictional defects represent fundamental error and may be raised for the first time on appeal." *Id.* (citing *Mapco, Inc. v. Carter*, 817 S.W.2d 686, 687 (Tex. 1991) (per curiam)). "A judgment must be supported by the pleadings, and a trial court exceeds its jurisdiction if it renders a judgment in the absence of pleadings." *Id.* (citing TEX. R. CIV. P. 301). "Rendering judgment without jurisdiction is fundamental error." *Id.* (citing *Cotton v. Cotton*, 57 S.W.3d 506, 510 (Tex. App.—Waco 2001, no pet.)). "Because appellant questions the trial court's jurisdiction to render

6

judgment, the issue may be raised for the first time on appeal." *Id.* (citing *Mapco, Inc.*, 817 S.W.2d at 687).

To determine whether a claim was pled, we must determine whether the pleadings are adequate to state, "with reasonable certainty" and without reference to outside information, "the relief sought with sufficient information upon which to base a judgment." *In re P.M.G.*, 405 S.W.3d at 417 (quoting *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979)). The Department's pleading named another man as J.W.'s father and sought to terminate his parental rights. The Department's argument that the trial court had jurisdiction over the children, who were the subject matter of the dispute, and had personal jurisdiction over Father because of the allegations against the other children fails to consider the "total absence from the record of any notice to the appellant that the trial court was trying, considering or even contemplating termination upon any unpled statutory grounds." *In re S.R.M.*, 601 S.W.2d at 770. It cannot be shown that Father had notice that the Department sought to terminate his parental rights to J.W. based on the live pleading because Father did not even know that J.W. was his biological child until four days before trial. Even though the Department alleged grounds for terminating Father's parental rights to other children, the Department listed no grounds for terminating his parental rights to J.W. As a result, we conclude that termination of Father's parental rights to J.W. in the absence of any pleading requesting such action constituted fundamental error, which was not required to be preserved.

Even so, the Department asks us to apply the trial-by-consent doctrine. "Absent trial by consent, judgment on an unpled action is void." *In re S.A.A.*, 279 S.W.3d at 856 (citing *Stoner*,

578 S.W.2d at 682). "We note other appellate courts have applied the trial by consent doctrine to termination of parental rights cases, but only when the trial court's judgment is supported by a petition seeking termination against the parent." *In re A.V.*, 2015 WL 1957093, at *4.

Every case cited by the Department on trial by consent is easily distinguishable since none involves the situation here. Instead, the Department's cited trial-by-consent cases are ones in which the Department clearly filed a pleading to terminate the parent's rights on certain grounds, evidence of additional grounds that were not pled were admitted into evidence without objection, and parental rights were terminated based on the grounds that were omitted from the pleadings. *See In re C.J.G.*, No. 04-19-00237-CV, 2019 WL 5580253, at *5 (Tex. App.—San Antonio Oct. 30, 2019, no pet.) (not designated for publication) (finding that Father tried the issue of termination based on Ground O by consent where the Department's amended petition sought to terminate his parental rights on other grounds with respect to the same child); *In re B.L.H.*, No. 14-18-00087-CV, 2018 WL 3385119, at *9 (Tex. App.—Houston [14th Dist.] July 12, 2018, no pet.) (mem. op.) (finding termination on Ground O tried by Mother's consent where the Department filed a pleading to terminate Mother's parental rights on other grounds with respect to the same child); *In re K.S.*, 448 S.W.3d 521, 534 (Tex. App.—Tyler 2014, pet. denied) (overruling Mother's compliant that the trial court erred by terminating her parental rights on Indian Child Welfare Act grounds because they were not alleged in the Department's petition seeking to terminate her parental rights to the same child); *In re A.J.B.*, No. 14-02-00794-CV, 2003 WL 21403480, at *2 (Tex. App.—Houston [14th Dist.] June 19, 2003, pet. denied) (mem. op.) (overruling Father's complaint that there were no pleadings to justify

termination of his parental rights based on evidence that he impregnated child's mother by sexual assault in a suit brought by the child's adoptive mother, which sought to terminate Father's parental rights on other grounds as to the same child); *see also In re G.M.*, No. 04-13-00689-CV, 2014 WL 1242662, at \*2–3 (Tex. App.—San Antonio Mar. 26, 2014, no pet.) (mem. op.) (overruling Mother's complaint that the trial court erred by removing her as managing conservator of the child where the Department's petition did not specifically seek to remove Mother as joint managing conservator, but where Department filed a petition to terminate her parental rights to the child and also requested to be named permanent sole managing conservator because "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children" (quoting *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967))).[2] Because the Department has not cited us to, and this Court has not found, any cases applying the trial-by-consent doctrine to the absence of a pleading seeking to terminate parental rights to a specific child, we find that nothing shows that the trial-by-consent doctrine applies to the situation in this case. *See In re A.V.*, 2015 WL 1957093, at \*4 ("[T]he trial by consent doctrine does not apply here, where there is no pleading whatsoever seeking to terminate appellant's parental rights. In the absence of a pleading seeking affirmative relief, the trial court is without jurisdiction to render judgment.").

In any event, "trial by consent is a doctrine that is only intended to cover the exceptional case in which it clearly appears from the record as a whole that the parties tried the [unpled]

---

[2]Although the Department cites to the rule that "[t]echnical rules of practice and pleadings are of little importance in determining issues concerning the custody of children," *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967), this rule has not been applied to a case like this one where the pleadings fail to seek termination of a parent's relationship to a specific child.

issue." *In re A.B.H.*, 266 S.W.3d 596, 600 (Tex. App.—Fort Worth 2008, no pet.) (citing *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997), *pet. denied*, 989 S.W.2d 363 (Tex. 1999)). "The doctrine of trial by consent is not intended to establish a general rule of practice and should be applied with care; it should never be applied in a doubtful situation." *In re A.V.*, 2015 WL 1957093, at *4 n.8 (quoting *In re P.D.D.*, 256 S.W.3d 834, 841 (Tex. App.—Texarkana 2008, no pet.)) (finding that trial court was without jurisdiction to terminate Father's parental rights even though Department sought to terminate Mother's parental rights and listed the alleged father as "unknown"); *see In re A.B.H.*, 266 S.W.3d at 600. Here, we find that the Department's evidence at trial with respect to J.W. did not rise to the level of supporting a finding that termination of Father's parental rights was tried by consent. As a result, and as further explained below, "we conclude that the appellant did not knowingly relinquish or waive h[is] right to have the statutory grounds for termination stated in the petition, and that []he did not expressly or meaningfully consent to a trial upon the unpled grounds." *In re S.R.M.*, 601 S.W.2d at 770.

"To determine whether an issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of *trial* of the issue." *In re A.B.H.*, 266 S.W.3d at 600 (emphasis added) (citing *RE/MAX of Tex., Inc.*, 961 S.W.2d at 328). "Consent may be found only where evidence regarding a party's unpleaded issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make an appropriate complaint." *Id.* Our review of the record shows that no such circumstances existed because "[e]vidence relevant to other pled causes of action does not

10

amount to trial by consent." *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 328 (Tex. App.—Houston [1st Dist.] 1997), *pet. denied*, 989 S.W.2d 363 (Tex. 1999).

Here, the Department sought to terminate Mother's parental rights to all four children and Father's parental rights to three of those children. At trial, there was no evidence specifically related to Father's parental rights as to J.W. that could not also be interpreted as evidence supporting the grounds actually pled by the Department.[3] Evidence of Father's failure to complete the family service plan and evidence on other grounds did not serve to give Father notice that the Department was seeking termination of his parental rights to J.W. because such evidence applied equally to the Department's efforts to terminate his parental rights to S.S., J.S., and S.S. The Department's witnesses also referred to "the parents" collectively when testifying about what was in the best interests of the children, and evidence related to J.W.'s best interests also applied to the Department's allegation that termination of Mother's parental rights to J.W. was in his best interests. Father's testimony at trial was not specific as to any of the children and, as a result, was relevant to the petition to terminate his parental rights to S.S., J.S., and S.S. Last, in announcing its ruling, the trial court did not name J.W. specifically. After reviewing this record, we cannot conclude that the evidence was developed under a circumstance indicating that Father understood that the Department was seeking to terminate his parental rights to J.W.

In this case, there are no pleadings seeking to terminate Father's parental rights to J.W., and we conclude, even assuming that the trial-by-consent doctrine applied, that termination of

---

[3]The evidence showed that Mother was charged with sexually abusing J.W. and that the Department's witnesses spoke generally about J.W.'s allegations of abuse without stating that it was committed by Father and made general statements that the children did not want to talk about their parents.

Father's parental rights to J.W. was not tried by consent. As a result, we find "that the trial court exceeded its jurisdiction in rendering judgment against [Father] because there was no pleading seeking to terminate his parental rights" to J.W. *In re A.V.*, 2015 WL 1957093, at *5; *see In re S.R.M.*, 601 S.W.2d at 770–71; *see also In re A.B.H.*, 266 S.W.3d at 599–600.

## III.   Conclusion

We affirm the trial court's order terminating Mother's parental rights to all four children and also affirm the trial court's judgment terminating Father's parental rights to S.S., J.S., and S.S. However, we vacate the trial court's judgment terminating Father's parental rights to J.W. In all other respects, the trial court's judgment is affirmed.


Jack Carter
Justice

Date Submitted:     February 2, 2022
Date Decided:       February 3, 2022